UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>                   Plaintiff,<br><br>  -against-<br><br>AXIS INSURANCE COMPANY,<br><br>                   Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Travelers Indemnity Company of Connecticut ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendant, AXIS Insurance Company ("AXIS"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Travelers is providing a defense to Jocee Realty Corp. ("Jocee Realty") in a lawsuit entitled *Terrell Brady v. Jocee Realty Corp., Arlene Riceman and Andrea Schulman*, in the Supreme Court of the State of New York, Kings County, index number 507730/2017 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that AXIS is obligated to defend and to indemnify Jocee Realty in the Underlying Action, as an additional insured under the policy of insurance issued by AXIS, on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Jocee Realty in said action.

## THE PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

1

4. Upon information and belief, at all times relevant hereto, AXIS is an Illinois corporation with a principal place of business in Alpharetta, Georgia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. In the Underlying Action, Terrell Brady ("Claimant") seeks recovery for alleged personal injuries including but not limited to partial tear anterior talofibular ligament; right ankle sprain; lumbar spine contusion; and right knee contusion. Therefore, the purported value of the Underlying Action exceeds $75,000.00

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by AXIS.

9. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

10. AXIS issued a general liability insurance policy to Rainbow USA, Inc. ("Rainbow") bearing policy number MNP782978-16 for the policy period September 1, 2016 to September 1, 2017 (the "AXIS Policy").

11. Subject to certain terms, conditions, and exclusions, the AXIS Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. The AXIS Policy contains an ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES endorsement that provides in relevant part:

> SCHEDULE
>
> Name Of Person(s) or Organization(s) (Additional Insured):
>
> ALL LESSORS OF REAL PROPERTY WHERE THE NAMED INSURED HAS AGREED IN A WRITTEN CONTRACT OR AGREEMENT TO PROVIDE SUCH LESSOR(S) WITH COVERAGE AFFORDED BY THIS ENDORSEMENT PROVIDED THAT THE WRITTEN CONTRACT OR AGREEMENT WAS EXECUTED PRIOR TO THE LOSS OR OCCURRENCE.
>
> \* \* \*
>
> **A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:
>
> This insurance does not apply to:
>
> 1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
>
> 2. Structural Alterations, new construction or demolition operations performed by or on behalf of the person(s) or organization(s) shown in the Schedule.

13. Travelers issued a Commercial General Liability Policy to Jocee Realty bearing policy number YE630-9E541056 for the policy period July 24, 2016 to July 24, 2017 (the "Travelers Policy").

14. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other coverage available where the Named Insured was added as an additional insured.

## BACKGROUND FACTS

16. Jocee Realty and Rainbow entered into a Lease Agreement dated May 1, 1998 (the "Lease"), by which Rainbow leased a portion of the building located at 1432-1442 Rockaway Parkway, Brooklyn, NY to operate a clothing store (the "Premises").

17. The terms of the Lease require Rainbow to maintain general public liability insurance naming Jocee Realty as an additional insured with respect to the Premises.

18. The terms of the Lease also require Rainbow to "indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance, including reasonable attorney fees, paid, suffered or incurred as a result of any breach by Tenant, Tenant's agent, contractors, employees, invitees, or licensees, of any covenant on condition of this lease, or the carelessness, negligence or improper conduct of the Tenant, Tenant's agents, contractors, employees, invitees or licensees."

19. In the Underlying Action, Claimant alleges that, on or about November 28, 2016, while walking on sidewalk at the Premises, he allegedly tripped and fell in a pothole.

20. Upon information and belief, at all times relevant hereto, Rainbow USA, Inc. did and does conduct business under the trade name Rainbow.

21. Travelers is defending Jocee Realty in connection with the Underlying Action.

22. In the Underlying Action, Claimant seeks to impose liability on Jocee Realty for alleged bodily injury which arose out of the maintenance or use of sidewalk at the Premises.

## TENDERS TO AXIS

23. By correspondence dated January 26, 2017, Travelers tendered the defense and indemnity of Jocee Realty to Rainbow.

24. AXIS failed to accept Travelers' tender by correspondence dated March 14, 2017.

25. By correspondence dated April 6, 2017, Travelers renewed its tender to AXIS.

26. AXIS responded to Travelers' renewed tender by correspondence dated April 26, 2017.

27. By correspondence dated April 6, 2018, Travelers again renewed its tender to Axis.

28. AXIS, through its attorneys, rejected Travelers' renewed tender by correspondence dated April 20, 2018.

29. After follow up by counsel, AXIS has agreed to provide a defense for Jocee Realty, but only under a reservation of rights with respect to indemnity.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

30. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "29" above as if fully set forth herein.

31. Jocee Realty qualifies as an additional insured under the AXIS Policy.

32. The coverages provided to Jocee Realty under the AXIS Policy are primary to, and non-contributory with, any coverage provided by the Travelers Policy.

33. Accordingly, Travelers seeks a declaration that AXIS has an obligation to defend and indemnify Jocee Realty in the Underlying Action as an additional insured under the AXIS Policy; that the coverages provided by the AXIS Policy to Jocee Realty are primary; and that the obligations of Travelers to Jocee Realty with respect to the the Underlying Action are excess to proper exhaustion and full payment of the limits of the AXIS Policy.

34. In addition, Travelers seeks an award at law and in equity against AXIS for recovery of all sums Travelers has paid and continues to pay in the defense of Jocee Realty in the Underlying Action because the coverages provided by the AXIS Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the AXIS Policy was in full force and effect on the date of the injury alleged by Claimant in the Underlying Action;

2. Declaring that all terms and conditions of the AXIS Policy have been met;

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded by the AXIS Policy;

4. Declaring that Defendant AXIS owes a duty of defend Jocee Realty in connection with the Underlying Action.

5. Declaring that Defendant AXIS owes a duty to indemnify Jocee Realty in connection with the Underlying Action.

6. Declaring that Defendant AXIS's coverage obligations to Jocee Realty with respect to the Underlying Action are primary;

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy toward Jocee Realty with respect to the Underlying Action are excess to those of Defendant AXIS;

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant AXIS with respect to AXIS' duty to defend and indemnify Jocee Realty in connection with the Underlying Action.

9. Awarding judgment against AXIS in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Jocee Realty in the Underlying Action;

10. Granting an award in favor of Travelers for the costs of suit incurred herein; and

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 1, 2022

                            USERY & ASSOCIATES

By: /s/ Amy C. Gross
     Amy C. Gross
     *Attorneys for Plaintiff The Travelers Indemnity Company of Connecticut*
     Direct: 917.778.6462
     Fax: 844.571.3789
     Email: acgross@travelers.com

     Please address all correspondence sent by mail to:
     P.O. Box 2996
     Hartford, CT 06104-2996

     Physical Address:
     485 Lexington Avenue, 7th Floor
     New York, NY 10017